UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL LIZALDE and VEBS, INC., a California Corporation,<br><br>   Plaintiffs,<br><br>v.<br><br>ADVANCED PLANNING SERVICES, INC. et al.,<br><br>   Defendants. | Civil No. 3:10-cv-0834-GPC-RBB<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR PERMANENT INJUNCTION** |

On April 19, 2013, Plaintiffs and defendants Larry Chalmers, Beth Chalmers, and Angela Parrish ("Defendants") filed a Joint Motion for Permanent Injunction ("Joint Motion" or "Stipulation"). (ECF No. 163.) In the Joint Motion, the Plaintiffs and Defendants indicate they "have resolved their disputes by settlement and, as a condition of that settlement, agreed to stipulate to entry of this Stipulated Permanent Injunction." Plaintiffs and Defendants thereafter set forth the terms of their proposed permanent injunction.

"[T]he mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding upon the court." *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996). "According to well established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant

such relief." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Indeed, injunctive relief is an "extraordinary and drastic remedy that is never awarded as of right." *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 980 (9th Cir. 2011) (internal quotation marks omitted) (*citing Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)). Thus, one requirement for obtaining injunctive relief is a showing "that remedies available at law, such as monetary damages, are inadequate to compensate for" the plaintiff's "irreparable injury." *Id.*

With the foregoing in mind, the Court is not prepared to enter a permanent injunction pursuant to the Stipulation. The Stipulation reveals Plaintiffs and Defendants' agreement to settle this action; it does not indicate that Defendants "will not abide by the agreed upon settlement, such that a permanent injunction and retention of jurisdiction to enforce the settlement is required." *Capitol Records, Inc. v. Kurnizki*, 2007 WL 214564, at *1 (E.D. Cal. 2007). Accordingly, the Plaintiffs and Defendants' Joint Motion is **DENIED**. Because Plaintiffs and Defendants indicate that entry of a stipulated permanent injunction is a "condition" of their settlement agreement, the Court's denial is **WITHOUT PREJUDICE**. Should Plaintiffs and Defendants wish to file a joint motion that demonstrates the requirements for a permanent injunction are satisfied, the Court will permit them to do so. Should Plaintiffs and Defendants wish to proceed with execution and performance of their settlement agreement notwithstanding the Court's denial of their request for a permanent injunction, the Court directs Plaintiffs and Defendants to file a joint motion for dismissal on or before **May 31, 2013**.

**SO ORDERED**.

DATED: May 16, 2013

HON. GONZALO P. CURIEL
United States District Judge